## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **OMAYRA ROMERO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. CIV-23-385-SM** |
| ) | |
| **KILOLO KIJAKAZI,** ) | |
| **Acting Commissioner of** ) | |
| **Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Omayra Romera (Plaintiff) seeks judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(c). *See* Docs. 14, 15.

Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings because the Administrative Law Judge's (ALJ) residual functional capacity[1] (RFC) assessment failed to consider Plaintiff's need for incidental contact with supervisors, coworkers, and the

---

[1]     Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

public. Doc. 13, at 8-15.[2] After a careful review of the administrative record, the parties' briefs, and the relevant authority, the Court determines that, if the ALJ erred, any error was harmless and thus affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## I.   Administrative determination.

### A.   Disability standard.

The Social Security Act defines a disabled individual as a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B.   Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work

---

[2]   Citations to the parties' pleadings and attached exhibits refer to this Court's CM/ECF pagination. Citations to the Administrative Record (AR) refer to its original pagination.

activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff "retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984)).

### C. Relevant findings.

#### 1. ALJ's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 29-55; *see* 20 C.F.R. § 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the "five-step framework"). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since June 17, 2020, the protective filing date;

(2) had the severe impairments of degenerative disc disease, depression, anxiety, and post-traumatic stress disorder;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the RFC to perform light work with a variety of mental limitations, including that she can interact appropriately with co-workers, supervisors, and the public on an occasional basis;

(5) could perform jobs that exist in significant numbers in the national economy such as marker, Dictionary of

3

Occupational Titles (DICOT) 209.587-034, storage facility rental clerk, DICOT 295.367-026, routing clerk, DICOT 222.687-022, ticket checker, DICOT 219.587-010, toll collector, 211.462-038, and addresser, DICOT 209.587-018;[3] and so,

(6)     had not been under a disability from June 17, 2020 through October 6, 2022.

*See* AR 29-55.

### 2.     Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *id.* at 5-11, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II.     Judicial review of the Commissioner's final decision.

### A.     Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139

---

[3]     The ALJ made no finding about Plaintiff's ability to perform past relevant work, citing the SSA's "expedited process." AR 54 (citing 20 C.F.R. § 416.965).

S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks omitted)). The Court "remain[s] mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (internal quotation marks and citation omitted).

This Court "consider[s] whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (internal quotation marks omitted). Thus, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.*

"[T]he failure to apply proper legal standards may, under the appropriate circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis." *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). But the failure to apply the proper legal standard requires reversal only where the error was harmful. *Cf. Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (placing the burden to show harmful error on the party challenging an agency's determination).

### 1. Substantial evidence supports the ALJ's RFC assessment.

The ALJ found the opinions of the state agency psychological consultants" (Ryan Scott, Ph.D., and Cynthia Kampschaefer, Psy.D.) persuasive. AR 50. They found Plaintiff had moderate limitations in her ability to interact with others. *Id.* at 406, 426. Part of their opinions included a limitation that Plaintiff "can interact appropriately with co-workers, supervisors, and the public for incidental work purposes." *Id.* at 413, 437.

Plaintiff maintains the RFC does not account for this limitation. She argues that the RFC's limitation to interacting with co-workers, supervisors, and the public on an occasional basis instead speaks to the *quantity* of time spent, while incidental (akin to "superficial") relates to the *quality* of those interactions. Doc. 13, at 12 (citing *Allen v. Comm'r, SSA*, 2022 WL 4534439, at *11 (E.D. Okla. Sept. 28, 2022)).

The SSA defines the frequency of physical demands as follows: Constantly: activity or condition exists two-thirds or more of the time; Frequently: activity or condition exists from one-third to two-thirds of the time; Occasionally: activity or condition exists up to one-third of the time; Not Present: activity or condition does not exist. *See Medical and Vocational Quick Reference Guide*, SSA Program Operations Manual System, DI 25001.001 (https://secure.ssa.gov/poms.nsf/lnx/0425001001 (last visited Oct. 25, 2023)).

The Court agrees that the ALJ's RFC is not "identical" to the limitations opined by the state agency psychological consultants. The Court concludes the ALJ fulfilled his duty to translate the consultants' limitations into vocationally-relevant terms. *See Duran v. Berryhill*, 2019 WL 1568139 (D.N.M. Apr. 11, 2019). In *Duran*, the state agency consultants articulated identical social limitations (i.e., "interpersonal contact is incidental to work performed, e.g., assembly work, complexity of tasks is learned and performed by rote, few variables, little judgment: supervision required is simple, direct and concrete"). *Id.* at *4. That court described the ALJ's RFC, which limited the plaintiff to unskilled work with occasional interactions with supervisors, co-workers, and the public, as "on par" with the consultants' findings. *Id.* The court explained that the ALJ implicitly accepted the consultants' findings by adopting conclusions that were "borne out of [those] findings." *Id.* The court addressed an argument much like the one Plaintiff advances here about the ALJ's use of the term "occasional" rather than the consultants' use of the word "incidental." *Id.* The court explained that any discrepancy between the two terms was merely "a matter of semantics," as both words convey the concept of "infrequency." *Id.* Ultimately, the *Duran* Court determined that "the ALJ's determination that Plaintiff [was] capable of 'occasional' interaction with

supervisors, co-workers, and the public sufficiently convey[ed] the consultants' findings of 'incidental' interaction." *Id.*

The same rationale applies here. Given the ALJ's discussion of the record and his incorporation of other components of the state agency psychological consultants' opinions, the Court is satisfied that the ALJ adequately accounted for all aspects of their assessed social limitations, including those requiring interaction with coworkers, supervisors, and the public for incidental work purposes. *Id.*; *see also Burnett v. Kijakazi*, No. CIV-20-848-AMG, 2022 WL 949965, at *4 (W.D. Okla. Mar. 29, 2022) ("The Court finds that the ALJ's use of the SSA's term "occasional" – which is a term of art used to denote the lowest frequency of activity other than "not present" – adequately incorporates the doctors' findings.").

And the Court also agrees with the Commissioner that when the ALJ found Plaintiff had a moderate limitation in interacting with others, AR 33, that finding is a rating of "the severity of mental impairments at steps 2 and 3 and is *not* a residual functional capacity assessment." Doc 20, at 9 (quoting SSR 96-8p, 1996 WL 374184, at *4).

Finally, even if the ALJ erred by not using the term incidental, the Court determines that any error is harmless. The jobs of marker, DICOT 209.587-034 (136,000 jobs in the national economy), routing clerk, DICOT 222.687-022

(117,000 jobs in the national economy), ticket checker, DICOT 219.587-010 (6,200 jobs in the national economy), and addresser, DICOT 209.587-018 (3,800 jobs in the national economy), involve a "people" rating of eight. The "people" rating is graded on a scale of zero to eight, with eight being the "lowest possible level of human interaction that exists in the labor force." *Lane v. Colvin*, 643 F. App'x 766, 770 n.1 (10th Cir. 2016). A people rating of eight—defined as "Taking Instructions-Helping"—is further explained as: "Attending to the work assignment instructions or orders of supervisor. (No immediate response required unless clarification of instructions or orders is needed.) Helping applies to 'non-learning' helpers." DICOT, App. B, 1991 WL 688701 (Jan. 1, 2016). Given the people rating of eight for four jobs, and the large numbers of jobs available in the national economy, the Court concludes that if the ALJ erred, such error was harmless. *See Stokes v. Astrue*, 274 Fed. Appx. 675, 684 (10th Cir. 2008) (concluding that any error on whether claimant could perform jobs was harmless error because "even if [the court] consider[ed] only these two jobs out of the four considered by the ALJ, there were still 11,000 jobs available regionally and 152,000 jobs available nationally" which the claimant could perform).

**III.   Conclusion.**

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 27th day of October, 2023.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE